# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed March 18, 1891.

JENNETTE DOUGLAS AND GEORGE DOUGLAS, HER HUSBAND,
VS.
EMILY OLIVER.

*W. Shepherd Bryan, Jr.*, for plaintiffs.

*Archibald Sterling Jr.*, for defendants.

PHELPS, J.—

The alleged marriage which it is the object of this suit to establish has been for thirty years shrouded in mystery. Whether it is a fact or false is as difficult to determine as if it was an ancient myth descending from pre-historic times. It has been twice investigated, when the evidence was fresher than it is now, by agents of the United State Pension Office and each time with a negative result.

The reinvestigation in this Court has been conducted with marked skill and ability, and the most that can be said of it, is that it leaves the matter still in doubt. The Court is asked to supplement the inherent weakness of the affirmative proof, by making allowance for the condition of the parties. The parties were free persons of color, and the time was during slavery. According to the testimony, however, the parties moved in the highest circles of colored society in the city of Baltimore. There was a manifest difference between the condition as to intelligence and self respect of free colored persons of the better class in this city, before the war and the condition of persons of the same race, whether slaves or free in the agricultural districts of the south.

The testimony of the surviving party to the alleged marriage is admissable but unsatisfactory. It was extraordinary that the ceremony should have been twice performed by two different ministers, improbable that the woman should have forgotten the names of both of them and both extraordinary and improbable that both ministers should have incurred the penalties of the law by marrying the parties without a license. The point is not that the parties should have forgotten the names of the officiating clergymen, after a lapse of thirty years, but she was unable to give the names of either of them shortly after the ceremony, or to designate either of the places where it was performed. She was repudiated by the alleged husband, who denied the marriage. She had, therefore, every motive that a spurned and slighted woman can have, whether white or black, to vindicate her character. In addi-

tion to this was the pecuniary interest in a pension, of which she admits herself to have been fully aware.

Nothwithstanding these strong inducements to furnish the proof of her marriage, while the occurrence was recent she fails to make the effort, abandons her claim to pension, and allows the mystery to remain uncleared.

The testimony of the principal witness being thus improbable on its face, and inconsistent with her line of conduct, when we turn away for corroborating proof, we find ourselves immersed in a fog of conflict and contradiction. A declaratory decree cannot be given on such proof. A decree will be signed dismissing the bill.